IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRANCE PUCKHAM, | § | |
| | § | |
| Defendant Below, | § | No. 390, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Sussex County |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 0612007619 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 29, 2015
Decided: November 23, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 23rd day of November 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Terrance Puckham, filed this appeal from the Superior Court's dismissal of his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Puckham's opening brief that his appeal is without merit. We agree and affirm.

(2) On October 2, 2007, Puckham pled guilty to Attempted Murder in the First Degree, Rape in the First Degree, Possession a Deadly Weapon During the

Commission of a Felony, and Endangering the Welfare of a Child. On November 30, 2007, Puckham was sentenced to life imprisonment, plus forty-six years. Puckham did not file a direct appeal.

(3)    On June 30, 2015, Puckham filed his first motion for postconviction relief under Rule 61. Puckham contended that his counsel was ineffective. Puckham also filed a motion for appointment of counsel and for a transcript.

(4)    On July 2, 2015, the Superior Court dismissed Puckham's motion for postconviction relief. The Superior Court found that the motion was untimely and failed to plead with particularity a claim that (i) new evidence existed that created a strong inference that Puckham was actually innocent, or (ii) a new rule of constitutional law made retroactive to cases on collateral review rendered Puckham's convictions invalid. The Superior Court also denied Puckham's motion for appointment of counsel and for a transcript. This appeal followed.

(5)    We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[1] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[2] In his opening brief, Puckham argues that his counsel was ineffective, but fails to address the procedural requirements of Rule 61.

---

[1] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

(6)     Having carefully considered the parties' positions on appeal, the Court concludes that the Superior Court did not err in dismissing Puckham's motion for postconviction relief. Puckham's motion was untimely under Rule 61(i)(1) because he filed the motion more than a year after his conviction became final in December 2007.[3] To overcome the time bar of Rule 61(i)(1), Puckham had to: (i) plead a claim that the Superior Court lacked jurisdiction;[4] (ii) plead with particularity a claim that new evidence existed that created a strong inference that he was actually innocent;[5] or (iii) a new rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[6]

(7)     Puckham did not plead a claim that satisfied any of these requirements. Thus, the Superior Court did not err in dismissing Puckham's motion for postconviction relief. We also conclude that the Superior Court did not err in denying Puckham's motion for appointment for counsel and for a transcript.

---

[3] Super. Ct. Crim. R. 61(i)(1) (providing motion for postconviction relief may not be filed more than one year after judgment of conviction is final); Super. Ct. R. 61(m)(1) (providing judgment of conviction becomes final thirty days after imposition of sentence if defendant does not file a direct appeal).

[4] Super. Ct. Crim. R. 61(i)(5) (effective June 4, 2014).

[5] Super. Ct. Crim. R. 61(i)(5); Super. Ct. Crim. R. 61(d)(2)(i).

[6] Super. Ct. Crim. R. 61(i)(5); Super. Ct. Crim. R. 61(d)(2)(ii).

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED

and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice